Peter Fleming Jr. (PF 1434)
Peter J. Behmke (PB 5719)
CURTIS, MALLET-PREVOST,
   COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
*Attorneys for Plaintiff*

**08 CIV 5995**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
PRENTISS HOLLMAN,

                Plaintiff,

   -against-

C.O. CARABALLO, C.O. HERNANDEZ,
C.O. MEREJO, and SGT. PONTANTE,

                Defendants.
------------------------------------------------------------ X



RECEIVED
JUL 01 2008
U.S.D.C. S.D. N.Y.
CASHIERS

No. _____

**JURY TRIAL
REQUESTED**

### COMPLAINT

Plaintiff Prentiss Hollman ("Plaintiff" or "Mr. Hollman"), by his undersigned attorneys, as and for his Complaint against Corrections Officer ("C.O.") Caraballo, C.O. Hernandez, C.O. Merejo, and Sergeant Pontante (collectively, "Defendants"), hereby alleges upon knowledge as to himself and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. On June 6, 2007, Mr. Hollman, while an inmate at Sing Sing Correctional Facility ("Sing Sing"), was struck on the back of the head with a baton by Defendant Caraballo. Mr. Hollman was then punched and kicked by Defendants Caraballo, Hernandez and Merejo (collectively, the "C.O. Defendants") until he blacked out. This beating occurred in the absence of provocation by Mr. Hollman, and it certainly served no legitimate institutional or disciplinary purpose. As a result of the beating, Mr. Hollman suffered serious injuries and significant pain. Mr. Hollman was immediately taken to the hospital, where he received seven staples to treat the gash in his head. Defendant Pontante, a sergeant with supervisory control over Defendants Caraballo, Hernandez and Merejo, witnessed the entire incident without intervening or seeking to otherwise protect Mr. Hollman.

2. This is an action arising under 42 U.S.C. § 1983 to recover damages for the violations of Mr. Hollman's right to be free from cruel and unusual punishment pursuant to the Eighth Amendment to the Constitution of the United States.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Mr. Hollman's claims arising under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred at Sing Sing Correctional Facility in Westchester County, New York.

## STATEMENT OF FACTS

5.  At all relevant times, Mr. Hollman was an inmate at Sing Sing.

6.  At all relevant times, Defendants Caraballo, Hernandez and Merejo were corrections officers, and Defendant Pontante was a sergeant, with the New York Department of Correctional Services ("DOCS") at Sing Sing.

7.  In or around April-May 2007, Mr. Hollman experienced repeated severe seizures. In early June 2007, Mr. Hollman was taken by DOCS personnel to a Westchester County hospital to be treated for the seizures. Mr. Hollman was admitted to the hospital and stayed there for four days while receiving treatment.

8.  On June 6, 2007, Mr. Hollman was released from the hospital and transported by DOCS personnel back to Sing Sing and taken to the infirmary there.

9.  While in the infirmary, Mr. Hollman spoke with a nurse, who instructed Mr. Hollman to spend the night in a room in the infirmary before returning to his cell. While in the infirmary, Mr. Hollman was guarded by Defendants Caraballo, Hernandez, and Merejo. Defendant Pontante was also present.

10. As per the instructions of the nurse, Mr. Hollman turned to walk down the hall towards the room indicated by the nurse. At that time, one of the C.O. Defendants guarding Mr. Hollman struck Mr. Hollman on the back of the head. On information and belief, it was Defendant Caraballo that struck Mr. Hollman with a baton.

11. Mr. Hollman was then forced to the floor by Defendants Hernandez and Merejo.

12. While on the floor, Defendants Caraballo, Hernandez and Merejo repeatedly punched and kicked Mr. Hollman. Mr. Hollman went in and out of consciousness while this

beating occurred. When Mr. Hollman fully recovered consciousness, his shirt and the floor on which he was lying were covered in blood.

13. This attack on Mr. Hollman was without provocation or justification. It served no legitimate institutional or disciplinary purpose.

14. Defendant Pontante was also present and witnessed the beating. Although he had a duty to do so, Defendant Pontante did not take any steps to intervene or to protect Mr. Hollman from the actions of Defendants Caraballo, Hernandez, and/or Merejo.

15. Mr. Hollman was subsequently taken to a Westchester County hospital to be treated for the serious injuries inflicted upon him by Defendants Caraballo, Hernandez, and/or Merejo. While at the hospital, Mr. Hollman received seven staples in the back of his head to repair the severe wound inflicted upon him. In addition to this head wound, Mr. Hollman suffered serious bruising on his face and torso, and he lost a tooth, all as a result of the beating.

16. On or about June 13, 2007, Mr. Hollman filed an Inmate Grievance Complaint, Grievance No. 42991, with respect to the above-described incident (the "Grievance"). On July 10, 2007, the Grievance was decided at the facility level and Mr. Hollman's claims for relief were denied. This decision was affirmed by the Inmate Grievance Program Central Office Review Committee on August 22, 2007. Mr. Hollman has thus exhausted all administrative remedies that were available to him.

17. On June 27, 2008, Mr. Hollman was released from prison. As of the date of this Complaint, Mr. Hollman is not incarcerated in any correctional facility. Accordingly, and notwithstanding the allegations of paragraph 16 above, this action is not subject to the exhaustion requirements of 42 U.S.C. § 1997e(a).

## FIRST CAUSE OF ACTION
(Excessive Force)

18. Mr. Hollman repeats and realleges each and every allegation set forth above in paragraphs 1 through 17 as if fully set forth herein.

19. The punches, kicks, and/or use of a baton by Defendants Caraballo, Hernandez, and/or Merejo against Mr. Hollman were not necessary to maintain or restore discipline or to achieve any other legitimate purpose.

20. To the contrary, given the severity of the blows and the length of time over which they were inflicted, as well as the fact that Mr. Hollman was on the floor and suffering from blackouts while being beaten, the use of force by Defendants Caraballo, Hernandez, and/or Merejo was malicious, wanton and/or unnecessary.

21. As a result of the conduct of Defendants Caraballo, Hernandez, and/or Merejo, Mr. Hollman suffered serious physical pain and injury, including but not limited to a gash on the head that required seven staples, severe bruising, and the loss of a tooth.

22. As a result of the foregoing, Defendants Caraballo, Hernandez, and/or Merejo violated Mr. Hollman's right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment to the Constitution of the United States.

23. Pursuant to 42 U.S.C. § 1983, Defendants Caraballo, Hernandez, and/or Merejo are liable to Mr. Hollman for these violations of Mr. Hollman's constitutional rights, in an amount to be determined at trial.

24. Further, the above-described conduct of Defendants Caraballo, Hernandez, and/or Merejo involved a reckless and callous indifference to the federally protected rights of Mr. Hollman. Mr. Hollman is therefore entitled to an award of punitive damages to deter the C.O. Defendants and those similarly situated from engaging in similar conduct in the future.

## SECOND CAUSE OF ACTION
(Failure to Supervise)

25. Mr. Hollman repeats and realleges each and every allegation set forth above in paragraphs 1 through 24 as if fully set forth herein.

26. Defendant Pontante was a sergeant with DOCS and therefore was the superior officer of, and had supervisory control over, Defendants Caraballo, Hernandez, and/or Merejo.

27. Defendant Pontante witnessed Defendants Caraballo, Hernandez, and/or Merejo inflict excessive force upon Mr. Hollman.

28. Defendant Pontante had ample time to intervene and protect Mr. Hollman, as well as a duty to do so. It would have been obvious to any reasonable person in Defendant Pontante's position that Mr. Hollman's constitutional rights were being violated by Defendants Caraballo, Hernandez, and/or Merejo as a result of the beating they were inflicting upon Mr. Hollman. Had Defendant Pontante ordered the C.O. Defendants to cease, presumably they would have done so.

29. Notwithstanding the above, Defendant Pontante failed to order Defendants Caraballo, Hernandez, and/or Merejo to stop beating Mr. Hollman, and failed to take any other steps to intervene and/or protect Mr. Hollman.

30. As a result of the foregoing, Defendant Pontante was grossly negligent in supervising Defendants Caraballo, Hernandez, and/or Merejo.

31. As a result of Defendant Pontante's conduct, Defendant Pontante was personally and directly involved in violations of Mr. Hollman's right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment to the Constitution of the United States, and Mr. Hollman has suffered injury thereby.

32. Pursuant to 42 U.S.C. § 1983, Defendant Pontante is liable to Mr. Hollman, in an amount to be determined at trial.

33. Further, the above-described conduct of Defendant Pontante involved a reckless and callous indifference to the federally protected rights of Mr. Hollman. Mr. Hollman is therefore entitled to an award of punitive damages to deter Defendant Pontante and those similarly situated from engaging in similar conduct in the future.

### THIRD CAUSE OF ACTION
(In the alternative, Failure to Intervene)

34. Mr. Hollman repeats and realleges each and every allegation set forth above in paragraphs 1 through 33 as if fully set forth herein.

35. Defendants Pontante, Caraballo, Hernandez, and/or Merejo each witnessed the use of excessive force by their fellow officers against Mr. Hollman.

36. Each of the Defendants had ample time to intervene and protect Mr. Hollman, and it would have been obvious to any reasonable person in each of the Defendants' positions that Mr. Hollman's constitutional rights were being violated as a result of the beating being inflicted upon him.

37. Each of the Defendants had an independent duty to intervene and protect Mr. Hollman from the above-described violations of Mr. Hollman's constitutional rights by their fellow officers.

38. Notwithstanding the above, none of the Defendants took any steps to intervene or to otherwise protect Mr. Hollman, and Mr. Hollman suffered injury as a result of this failure.

39. As a result of the foregoing, each of the Defendants is liable to Mr. Hollman pursuant to 42 U.S.C. § 1983, in an amount to be determined at trial.

40. Further, the above-described conduct of the Defendants involved a reckless and callous indifference to the federally protected rights of Mr. Hollman. Mr. Hollman is therefore

entitled to an award of punitive damages to deter the Defendants and those similarly situated from engaging in similar conduct in the future.

## DEMAND FOR JURY TRIAL

41. Mr. Hollman respectfully demands a trial by jury with respect to each of the above claims and issues triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Prentiss Hollman demands judgment against Defendants Caraballo, Hernandez, Merejo and Pontante as follows:

    a.    Awarding Plaintiff compensatory damages and punitive damages in an amount to be determined at trial, including statutory interest;

    b.    Awarding Plaintiff costs and disbursements of this action and attorneys' fees; and

    c.    Awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 1, 2008

                        CURTIS, MALLET-PREVOST,
                           COLT & MOSLE LLP

By: _____
Peter Fleming Jr. (PF 1434)
Peter J. Behmke (PB 5719)
101 Park Avenue
New York, NY 10178
(212) 696-6000
*Attorneys for Plaintiff*