UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | | |
|---|---|---|
| PRENTISS HOLMAN, | : | **ANSWER** |
| Plaintiff, | : | 08 CV 5995 (HB) |
| | : | |
| -against- | | |
| | : | |
| C.O. CARABALLO, C.O. HERNANDEZ, C.O. MEREJO, and SGT. PONTANTE, | : | |
| Defendants. | : | |

-------------------------------------------------------X

Defendants Caraballo, Hernandez, Merejo and Pontante, by their attorney, ANDREW M. CUOMO, Attorney General of the State of New York, for their answer to the Complaint herein, alleges as follows:

1. Admit the allegations contained in paragraph 1 of the Complaint solely with respect to the identity and location of plaintiff in or about June 6, 2007. Defendants deny that force was used on plaintiff in the manner alleged by plaintiff and deny any wrongdoing. Defendants deny plaintiff had injuries to the extent claimed and deny any wrongdoing.

2. Admit the allegations contained paragraphs 2 - 4 of the Complaint to the extent that plaintiff purports to bring this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1331 and that venue lies in this district. Defendants deny any wrongdoing.

3. Admit the allegations contained paragraphs 5 - 6 of the Complaint regarding the identity and locations of the parties during the times in question. Defendants deny any wrongdoing.

4. Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraphs 7 - 8 of the Complaint.  Defendants deny any wrongdoing.

5.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint regarding an alleged discussion with a non-defendant nurse.  Defendants admit that they were each in the vicinity of the Sing Sing infirmary during some or all of the time in question.  Defendants deny any wrongdoing.

6.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint regarding any alleged instructions provided by a non-defendant nurse.  Defendants deny the remaining allegations contained in paragraph 10 of the Complaint and deny any wrongdoing.

7.    Defendants deny paragraphs 11 - 12 of the Complaint to the extent they allege or infer that defendants used force in an unconstitutionally excessive manner to subdue plaintiff who had acted in a violent and aggressive manner before any of the defendants in question were forced to use force on him.  Defendants deny any wrongdoing.

8.    Defendants deny paragraphs 13 - 14 of the Complaint and deny any wrongdoing.

9.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint regarding plaintiff's alleged injuries sustained by plaintiff and any treatment he received.  Defendants deny the remaining allegations contained in paragraph 15 of the Complaint and deny any wrongdoing.

10.    Admit the allegations of paragraph 16 of the Complaint to the extent that plaintiff had exhausted his administrative remedies with respect to defendants Caraballo, Hernandez, Merejo on or about August 22, 2007 when the Inmate Grievance Program Central Office Review Committee decided plaintiff's appeal.  Defendant Pontante denies that plaintiff ever grieved or

otherwise exhausted his administrative remedies against him.

11. With respect to the factual allegations contained in paragraph 17 of the Complaint, defendants deny knowledge or information sufficient to form a belief. With respect to the legal arguments contained therein regarding 42 U.S.C. § 1997e(a), no response is necessary.

### FIRST CAUSE OF ACTION (Excessive Force)

12. In response to paragraph 18 of the Complaint, defendants repeat and reallege their responses as set for in paragraphs 1 - 11 above as if fully set forth herein.

13. Defendants deny the allegations contained in paragraphs 19 - 24 of the Complaint and deny any wrongdoing.

### SECOND CAUSE OF ACTION (Failure to Supervise)

14. In response to paragraph 25 of the Complaint, defendants repeat and reallege their responses as set for in paragraphs 1 - 13 above as if fully set forth herein.

15. Defendant Pontante admits the allegations contained in paragraph 26 of the Complaint to the extent that it is alleged that he was a sergeant and a superior officer to the other defendants in this action. With respect to whether defendant Pontante had "supervisory control over" the other defendants in this action, that term is vague and ambiguous and cannot be answered at this time. Defendant Pontante denies any wrongdoing.

16. Defendant Pontante denies the allegations contained in paragraphs 27 - 33 of the Complaint and denies any wrongdoing.

### THIRD CAUSE OF ACTION (Failure to Intervene)

17. In response to paragraph 34 of the Complaint Defendants repeat and reallege their responses as set for in paragraphs 1 - 16 above as if fully set forth herein.

18. Defendants deny the allegations contained in paragraphs 35 - 40 of the Complaint and deny any wrongdoing.

## RELIEF

19. Defendants deny that plaintiff is entitled to the relief requested.

### AS AND FOR A FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### AS AND FOR A SECOND DEFENSE

This Court lacks jurisdiction over the subject matter of the cause of action set forth in the Complaint in that the federal claims do not rise to a constitutional level and this Court lacks subject matter jurisdiction over plaintiff's state law claims, to the extent that his averments can be read to state such a claim.

### AS AND FOR A THIRD DEFENSE

The alleged injuries sustained by plaintiff in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct these defendants are not responsible.

### AS AND FOR A FOURTH DEFENSE

Defendants are immune from liability in that at all relevant times herein, they acted without malice, in good faith and under the reasonable belief that their actions were proper and in accordance with existing law.

### AS AND FOR A FIFTH DEFENSE

Any alleged conduct or omission was, in whole or in part, properly within the discretionary authority committed to defendants to perform their official functions, and the relief requested would constitute an improper intrusion by the federal judiciary into that discretionary authority.

**AS AND FOR A SIXTH DEFENSE**

Principles of comity bar plaintiff's claims.

**AS AND FOR A SEVENTH DEFENSE**

Defendants at all relevant times herein acted under the objective belief that their actions were reasonable and did not violate any clearly established constitutional rights of plaintiff, and, therefore, are protected from liability by qualified immunity.

**AS AND FOR A EIGHTH DEFENSE**

Plaintiff was not deprived of any rights, privileges or immunities secured to him under the United States Constitution, the laws of the United States, or the laws of the State of New York.

**AS AND FOR A NINTH DEFENSE**

Defendants had no official policy, custom, statute or regulation which permits or promotes the violation of any person's civil rights, and, moreover, no official policy, custom, pattern or practice of defendants caused plaintiff any injury.

**AS AND FOR A TENTH DEFENSE**

The plaintiff's claims are barred, in whole or in part, by plaintiff's failure to satisfy jurisdictional or administrative prerequisites and/or failure to exhaust available administrative remedies.

**AS AND FOR AN ELEVENTH DEFENSE**

Plaintiff cannot demonstrate physical injuries which would entitle him to monetary damages pursuant to 42 U.S.C. § 1997e(e).

**AS AND FOR A TWELFTH DEFENSE**

Any claims brought pursuant to 42 U.S.C. Section 1983 against the defendants in their official capacities for money damages are barred by the Eleventh Amendment to the United States Constitution.

**AS AND FOR A THIRTEENTH DEFENSE**

If any losses or damages were sustained by plaintiff, which assumption is expressly denied, then all such losses or damages have been caused and brought about, by plaintiff's own fault, neglect, negligence, lack of care, inattention, poor judgment, and culpable conduct, without similar acts of the defendant having contributed thereto, and as a consequence of the foregoing, the complaint should be dismissed in all respects, and/or proven losses or damages, if any, should be reduced and diminished in proportion to plaintiff's contributing and participating negligence and fault.

**AS AND FOR A FOURTEENTH DEFENSE**

Defendants at no time acted willfully or in malicious disregard of plaintiff's constitutional rights. As such, plaintiff is not entitled to punitive or other relief.

**AS AND FOR A FIFTEENTH DEFENSE**

Plaintiff's alleged injuries were not sustained as a result of the events alleged in this lawsuit, but rather, stemmed in whole or in part from other incidents.

**AS AND FOR A SIXTEENTH DEFENSE**

The Complaint is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

WHEREFORE, defendants respectfully pray that the relief requested by plaintiff be in all respects denied, and that the Complaint be dismissed in its entirety, with costs and disbursements, and the granting of such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 15, 2008

                        ANDREW M. CUOMO
                        Attorney General of the
                           State of New York
                        <u>Attorney for Defendants</u>
                        By:

                        _____
                        JEB HARBEN
                        Assistant Attorney General
                        120 Broadway, 24th Floor
                        New York, N.Y. 10271
                        Tel. (212) 416-6185